OPINION
{¶ 1} Plaintiff Erlinda Mayle, Administratrix of the Estate of Jessie L. Mayle, deceased, appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendant Westfield Insurance Company on plaintiff's amended complaint for declaratory judgment on UM/UIM motorist coverage.
 {¶ 2} In its judgment entry of November 12, 2002, the trial court set forth the undisputed facts which gave rise to this action. On November 19, 2000, decedent Jessie Mayle was operating her own vehicle, a Chevrolet pickup truck, when a vehicle operated by Doris Gimroth went left of center and struck the Mayle vehicle head on. Both drivers were killed.
 {¶ 3} At the time of the accident, Jessie Mayle was employed by Marquis Healthcare, Inc. Marquis was the named insured on a commercial policy issued by All American Financial/Citizens Insurance Company of Ohio. Jessie Mayle lived with her brother Vinnie Mayle, who was the named insured on the personal auto policy issued by State Farm Fire and Casualty Company. The trial court granted summary judgment in favor of the plaintiff and against Marquis' insurer, and it is not a party to this appeal.
 {¶ 4} Defendant Westfield had issued a commercial policy of insurance to its named insured P S Management Group, Ltd. Plaintiff argued Vinnie Mayle was an employee of P S Management and sought underinsured motorist coverage from the commercial policy of insurance and from the commercial umbrella coverage part of the policy. Westfield maintained Vinnie Mayle was not an employee, but rather an independent contractor, thus not entitled to coverage under the provisions of the Westfield policy.
 {¶ 5} The trial court found genuine issues of material fact remained with regard to Vinnie Mayle's employment status, but assumed for the sake of the summary judgment that Mayle was an employee of P S Management.
 {¶ 6} The trial court found even if Vinnie Mayle was an employee at P S Management at the time of the accident, coverage was barred under the policy by a valid and enforceable exclusion. From this judgment, appellant assigns four errors:
 {¶ 7} "The `other owned auto' exclusion contained in appellee's primary um/uim endorsement, has no application to plaintiff in this case as the policy defined `covered autos' under westfield symbol `2' as `owned `autos' only,' and therefore plaintiff was operating a `covered auto' on the date of the accident.
 {¶ 8} "The trial court erred in holding that the `other owned auto' exlcusion applies to vehicles owned by an `insured' and is not restricted only to vehicles owned by the `named insured' (the corporate employer named on the declarations page) and that the exclusion barred uim coverage for the decedent, Jessie Mayle.
 {¶ 9} "The trial court erred in holding that the `other owned auto' exclusion applied to bar uim umbrella coverage arising by operation of law, after it concluded that Jessie Mayle was an `insured family member' pursuant to the underlying uim policy."
 I {¶ 10} In her first assignment of error, appellant argues the "other owned auto" exclusion which the trial court found applicable and enforceable, does not apply to plaintiff in this case because the plaintiff's decedent was operating a covered auto on the date of the accident.
 {¶ 11} Section C of the UIM Endorsement contains the exclusions to coverage. One of the exclusions states the insurance does not apply to bodily injury sustained by any family member while occupying or when struck by any vehicle owned by the family member that is not a covered auto for uninsured motorist coverage under the coverage form.
 {¶ 12} The General Assembly amended R.C. 3937.18 effective September 3, 1997. Pursuant to the amended statute an insurance company may through terms and conditions, preclude coverage for bodily injury or death suffered by an insured while the insured is operating or occupying a motor vehicle owned by furnished to or available for the regular use of a named insured, a spouse, or a resident relative of the named insured if the motor vehicle is not specifically identified in the policy under which the claim is made. This means an insurer may now deny coverage when the injured party is occupying a motor vehicle owned by an insured, spouse, or resident relative of an insured, if the motor vehicle itself is not insured under the policy.
 {¶ 13} In Bergmeyer v. Auto Owners Insurance Company, Stark Appellate No. 2002-CA-00228, 2003-Ohio-133, this court found the General Assembly intended certain endorsements, like the one in Bergmeyer, to be valid and enforceable.
 {¶ 14} Here, we find decedent was a family member occupying a vehicle owned by that family member, which is not a covered auto under the coverage form. We find the exclusion is unambiguous, and enforceable, and the trial court did not err in finding this clause of the policy precludes recovery for this accident.
 {¶ 15} The first assignment of error is overruled.
 II {¶ 16} In her second assignment of error, appellant argues the trial court erred in finding the other owned auto exclusion applies to her because the restriction stated it applied to vehicles owned by the named insured, but neither appellant nor appellant's decedent were named on the declaration page.
 {¶ 17} Appellee argues a named insured must be a person listed on the declaration page of the policy, as distinct from a party who qualifies simply as insured.
 {¶ 18} In the past, this court has declined to construe the language in this manner, see Bergmeyer, supra. In Monroe GuaranteeInsurance Company v. Kuba, Stark Appellate No. 2002CA00175,2002-Ohio-7010, this court held where the employee owned the automobile, and under the reasoning of Scott-Pontzer, the employee was included in the group of persons referred to as owning the automobiles, coverage was available. Here, the exclusion at issue states insurance does not apply to bodily injury sustained by any family member when occupying or when struck by any vehicle owned by the family member which is not a covered auto on the coverage form. Unlike, Kuba, here plaintiff's decedent was not the employee, and she did own the vehicle.
 {¶ 19} We find the trial court did not err in finding the other owned auto exclusion applied to decedent.
 {¶ 20} The second assignment of error is overruled.
 III {¶ 21} In her third assignment of error, appellant argues the trial court erred in finding the other owned auto exclusion applied to bar umbrella coverage as well as the underlying auto liability coverage.
 {¶ 22} Appellant sets forth two arguments, the first being Westfield's attempt to reduce the amount of UM/UIM excess coverage prior to decedent's accident from $2,000,000 to $1,000,000; or, in the alternative, Westfield's failure to offer increased umbrella UM/UIM limits of $4,000,000 at the time it raised the umbrella auto liability limit to $4,000,000. The trial court simply found the other owned auto exclusion applied, and did not address appellant's arguments that uninsured motorist coverage arose by operation of law in the umbrella portion.
 {¶ 23} Coverage under the umbrella portion of the policy is defined by two sections. The commercial umbrella coverage form defines insured for umbrella coverage purposes, and contains no family member language which would qualify appellant's decedent. The form provides any other person who is insured under the underlying insurance will be an insured for umbrella liability purposes, but only in so far as coverage is afforded by the underlying insurance. The trial court found the underlying policy does not afford coverage to decedent, and this means no coverage is available under the umbrella policy.
 {¶ 24} Appellant argues the failure of Westfield to comply with Ohio statutory and case law in its attempts to limit the amount of coverage requires us to find the coverage under the umbrella policy arises as a matter of law. While this may well be true, we find it does not alter the basic definition of who is an insured for purposes of the policy.
 {¶ 25} The third assignment of error is overruled.
 IV {¶ 26} In her fourth assignment of error, appellant argues the trial court was incorrect in finding there were material issues of fact which precluded the court from ruling on Vinnie Mayle's employment status.
 {¶ 27} In reviewing the motions for summary judgment, the trial court is required to construe the allegations in a light most favorable to the non-moving party. The trial court did so. The trial court found even if it considered Vinnie Mayle an employee for purposes of the motion for summary judgment, no coverage exists. We find this means there were no material issues of genuine fact, because the issue regarding Vinnie Mayle's status was not vital, to the court's analysis.
 {¶ 28} The fourth assignment of error is overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, P.J., Boggins, J., and Wise, J., concur.
Topic: Scott Pontzer.